Wilde, J.,
delivered the opinion of the Court. Two questions are made upon the facts agreed in this case.
1. Whether the deposition of Elijah Williams be admissible evidence, to prove the incorporation of the town of West Stockbridge.
2. If such evidence be admissible, whether the pauper ever gained a. settlement in that town.
*351 The first question does not seem to admit of a reasonable doubt and the counsel for the defendants, in their argument, have declined very properly, we think, to insist on this ground of defence.
Records, generally, are to be proved by inspection, or by copies properly authenticated ; but, if there be sufficient proof of the loss or destruction of a record, much inferior evidence of its contents may be admitted. In the case before us, it is agreed, that, for more than thirty years past, the inhabitants of West Stockbridge have exercised and enjoyed all the powers, privileges, and immunities of a town. They have been admitted to the right of representation in the General Court, have been assessed in their proportion of * all State and County taxes ; and, by many other acts and [ *402 ] proceedings, their existence as a corporation has been recognized by the legislature.
But the act of incorporation is not to be found, nor can any record relating to it be discovered in the secretary’s office. From the facts, however, the presumption is violent, that the town has been regularly incorporated, and that the record has been in some way lost or destroyed. The existence of the record is also proved by the deposition in question;† and it cannot be doubted that paroi evidence is competent to prove the existence and loss of a record. This, then, being satisfactorily proved, secondary evidence of the incorporation of the town is clearly admissible by the rules of evidence.‡, §
Upon the second question, it has been inferred by the counsel for the plaintiffs, from the facts in the case, that the pauper became a slave of Williams, and, through him, gained a derivative settlement in West Stockbridge. But we cannot admit this inference, as we think it repugnant to the terms of the contract, and the obvious intention of the parties, which is principally'to be regarded in the construction of contracts. Williams, upon whose testimony alone the plaintiffs rely, expressly denies that he purchased the pauper, or held him as a slave. He considered him as a servant, but not as in a state of slavery. He treated him as such ; nor could he, by any reasonable construction of the contract, legally treat him otherwise. The property in the slave remained unaltered by the contract; unless it may be considered as amounting to a manumission. Certainly the *352 pioperty was not transferred to Williams against his will, and his conscientious scruples, as expressed to the master, when he made the contract.†
For these reasons, we are of opinion that the pauper gained no settlement in the town of West Stockbridge ; and that the plaintiffs, according to the agreement of the parties, must be called.

Plaintiffs nonsuit.

 The witness says, in the deposition, that he has no recollection ofthe fact, that an act of incorporation was obtained. Can this be proof that it was obtained?

 Dillingham vs. Snow el al., 5 Mass. Rep. 547; 3 Mass. Rep. 276. — Klock vs. Richtmeyer, 13 Johns. 367. — Schauber vs. Jackson, 2 Wend. 60. — Matthews vs. Trinity Church, 3 Serg. Rawle, 509. — Hathaway vs. Clark, 5 Pick. 490. — Farrar’s case, Skin. 78. — 1 Eden, 296. — Cowp. 215. — 6 East, 215. — 2 Ves., Jr., 583. — 1 Jac. & Walk. 63. — Rex vs. Montague, 4 B. & C 538. — Mayor of Hull vs. Homer, Cowp. 102. —3 D. & E. 158. — Matthews, 199-195.

 [Greenleaf on Evidence, 553.— Angell & Ames on Corporations, 40, 41, 128, and cases cited. —Ed.]

 Stockbridge vs. West Stockbridge, 14 Mass. Rep. 257. — Winchendon vs. Hatfield, 4 Mass. Rep. 123. — Springfield vs. Wilbraham, 4 Mass. Rep. 496. — Dighton vs. Freetown, 4 Mass. Rep. 539. — Andover vs. Canton, 13 Mass. Rep. 547. — Westborough vs. Westfield, 16 Mass. Rep. 74.