WARREN FOWLER *vs.* ADDISON E. TRUE.

FRANK W. FISKE *vs.* Same.

EVA S. MEACOM *vs.* Same.

Androscoggin. Opinion February 25, 1884.

*Trusts. Executors and administrators. Statute of limitations. Devisees. R. S., c. 87, § 16. Stat. 1872, c. 85.*

At the death of a trustee who had given no bond as such, if the identity of the trust fund or property is lost, the *cestui que trust* stands in the position of a general creditor of the estate; or if the trust is not terminated the estate becomes at once liable to a new trustee who may be appointed, and the special statute of limitations applies to the demands for the trust funds as it does to other claims against the estate, though a new trustee is not appointed.

When a claim that might have been enforced against the estate of a testator in the hands of his executors has become barred by the statute of limitations as against the executor an action cannot be maintained for the same against the devisee under the provisions of R. S., c. 87, § 16; Stat. 1872, c. 85.

ON report on agreed statement of facts.

These are actions of assumpsit severally brought against the defendant as a devisee of John True, late of Poland, Maine, under the provisions of R. S., c. 87, § 16, as amended by stat. 1872, c. 85. The date of the writs in the first two actions is March 28, 1883, and in the third action, March 30, 1883. The plea was the general issue in each case.

The opinion states the facts.

*A. R. Savage*, for the plaintiffs.

*N. and J. A. Morrill*, for the defendant.

SYMONDS, J. These are actions of assumpsit against the defendant as a devisee of John True, who was executor of the will of Samuel True, of Providence, R. I. This will was

admitted to probate in Rhode Island in April, 1866, and in Maine, where Samuel True owned real estate, in January, 1867; the estate was duly administered under the laws of Rhode Island, and in the settlement of his account as executor on August 9, 1869, John True charged himself with a fund in his hands as trustee under the following clause therein : "I hereby bequeath and devise to the children of my deceased sister, Delaney Dennin, who are now living, and to the children or child of any deceased child of my said sister, . . . . . one undivided sixth part of said other half of all my estate, real, personal and mixed, to them, their heirs and assigns forever; and I hereby direct and declare that the portion which will by this clause of my will go to the child or children of Evelina Fisk, who is a deceased child of my said sister, Delaney Dennin, deceased, shall be held by my said brother John in trust, to take care of and manage for the benefit of the child or children of the said Evelina Fisk, until the youngest arrives at the age of twenty-one years; the said trustee, whom I hereby appoint for that purpose, to apply so much thereof toward the support and education of the child or children of Evelina Fisk, during their minority, as he sees fit, and when the youngest arrives at the age of twenty-one years, said trust shall cease and said portion so placed in trust shall be equally divided between the children of the said Evelina Fisk."

This item in the account of John True as executor was allowed, the fund remained in his possession as trustee, was removed by him to Maine, "and the same cannot be further traced. October 12, 1869, he applied to the use of Eva E. Meacom twenty dollars and fifty cents; October 14, 1869, he applied to the use of Warren A. Fisk, now Warren Fowler, twenty-five dollars and fifty cents. Beyond these sums he never paid or accounted to the plaintiffs in any sum whatever, and he never settled any account as trustee." No bond from him in that capacity was ever required or given.

John True died in this State, May 26, 1877, and it is claimed the defendant, as his devisee, has received property sufficient to restore to the plaintiffs, who are the only children of Evelina Fisk, the amount of the trust fund remaining in John True's

possession at his death. The youngest of the plaintiffs became of age March 9, 1883. The writs are dated March 28, and March 30, 1883.

The will of John True was admitted to probate in the county of Androscoggin in July, 1877 ; the defendant was his executor, gave legal notice of his appointment, July 17, 1877, returned an inventory of the estate, proceeded with the administration, and settled three accounts, one of which purports to be his final account as executor. The claims of the plaintiffs were not filed in the probate office, nor were they presented to the executor in writing and payment thereof demanded, within two years from the notice of appointment. R. S., c. 87 § 12 (1872, c. 85). But it is sought to maintain the present actions against the devisee under R. S., c. 87, § 16 (1872, c. 85).

This is not a proceeding in equity to hold a particular fund or property as charged with a trust, either originally, or by tracing the use of trust funds or the proceeds of trust property in the purchase or procurement of it. The distinct statement of the case is, that the trust fund cannot now be traced. The proceeding is by action at law, of assumpsit, against the trustee personally, through his devisee ; not against a trust fund or property. Such an action stands upon the same plane, subject to the same limitation, as an ordinary action of assumpsit against the estate of a deceased person. The statute of limitations applies to any trust which is the ground of an action at law. The rule that the statute does not apply to cases where the technical relation of trustee and *cestui que trust* exists, only holds in cases over which courts of equity have exclusive jurisdiction. Wood. on Lim. 42 ; *Godden* v. *Kimmel,* 99 U. S. 201 ; *Pratt* v. *Northam,* 5 Mason, 95. "Executors are charged with no more in virtue of their office, than the administration of the assets of the testator. If at the time of his death there is any specific personal property in his hands belonging to others, which he holds in trust, or otherwise, and it can be clearly traced and distinguished from .the testator's own, such property, whether it be goods, securities, stock or other things, is not assets to be applied in payment of his debts or to be distributed among his heirs ; but is to be held

by the executors as the testator himself held it. But if the testator has money or other property in his hands belonging to others, whether in trust or otherwise, and it has no earmark, and is not distinguishable from the mass of his own property, the party must come in as a general creditor; and it falls within the description of assets of the testator. This is the settled law in bankruptcy and in the administration of estates." *Trecothick* v. *Austin*, 4 Mason, 29.

"If the trust is still subsisting in the hands of the executor, as executor, the lapse of four years does not bar a remedy against him. If it has become a mere money transaction, although originating in a trust, then it assumes the character of a debt, and the *cestui que trust* is a creditor barred by the lapse of the four years." *Ib.*

John True having given no bond as trustee and the identity of the trust fund or property being lost, it follows that the plaintiffs at his death stood in the position of general creditors of his estate. Not having presented their claims to his executor nor brought an action within the period of limitations of actions against executors, they seek here to charge upon the defendant as devisee a liability which attached in full force and with a present right of action upon it to the estate in the hands of the executor during the period of administration.

The present periods of limitation under the statutes already cited are two years, from the executor's notice of appointment, for presenting claims in writing and demanding payment, and two years and six months for beginning the action. *Whittier* v. *Woodward*, 71 Maine, 161; *Littlefield* v. *Eaton*, 74 Maine, 516.

In this State, and in Massachusetts from which our law in this respect is derived, heirs and devisees are liable only for demands on which no cause of action accrues till after the period of limitation of suits against the executor or administrator has expired. "By the policy and provisions of our laws, the remedy of a creditor upon the heirs or devisees of a deceased person is extremely limited. Every demand which can be made and enforced against the estate of a deceased person is to be pursued against the administrator, where it can be done, and the whole

estate, personal and real, is in effect made assets in his hands to meet such claims. This object is one of great importance, by securing as far as practicable an early and final settlement of estates, so that the residuum may be distributed among those entitled, free from incumbrances and charges which would lead to protracted litigation. . . . It must appear that the demand was not due and the claim could not have been made until the administration had closed. It is not enough that a mere formal right of action accrues by an act done after the four years. If the demand might have been made, and thereupon an action would have accrued before the expiration of the four years, then it might have been brought against the administrator and will not lie against the heir." *Hall* v. *Bumstead*, 20 Pick. 6.

" It is clear that where the right of action accrues within the four years from the time when notice of the administration is given, no action will lie against the heir; it being the general policy of our laws to secure the settlement of all estates in the probate office by the administrator." *Royce* v. *Burrell*, 12 Mass. 399 ; *Bacon* v. *Pomeroy*, 104 Mass. 577 ; *Webber* v. *Webber*, 6 Maine, 127 ; *Sampson* v. *Sampson*, 63 Maine, 331 ; *Baker* v. *Bean*, 74 Maine, 17.

On the death of John True and the appointment of his executor, his estate became at once liable to a new trustee, who might have been appointed, for the amount of the trust fund, and the special statute of limitations applies to the plaintiff's demands as to other claims against his estate. Not having been presented in writing within the two years, no action having been brought within two years and six months, from the notice of the executor's appointment, the causes of action set forth in the plaintiff's declarations, being in this proceeding mere personal claims against the estate of the trustee, not based on the identification of trust property, are barred.

Thus, in *Hall* v. *Bumstead, supra*, an action against the heirs of a surety upon a guardian's bond, it is said : " But there is nothing to show that this demand might not have been made and enforced, before the close of the administration on Bumstead's estate. If James Child (the guardian and principal in the bond)

died, or if the ward came of age in his lifetime, in either event she became entitled to have the balance in the hands of her guardian paid on demand. In the former case, payment could be enforced by the appointment of a new guardian to act for her, and in the latter, in her own right. . . . . . . . We think it would make no difference, if it should appear that the ward was under the disability of infancy during the whole or a part of the time that the estate was under administration. No such disability has ever been allowed as an avoidance of this statute; on the contrary, the lapse of time under this statute has been regarded as an absolute bar to all claims. We think it is right that it should be so. If the guardian died, whilst the ward was still under age, a new guardian could have been appointed in the mode provided by law, to look after her property in the hands of the former guardian, and to claim it of the surety, if the principal made default or proved insolvent. As it does not appear by this declaration that this claim could not have been made before the administration closed, the action against the heirs cannot be maintained."

This case is cited in *Littlefield* v. *Eaton*, 74 Maine, 520, as authority for the statement "that no disability of the claimant, as by infancy, during the period prescribed, will prevent his claim, if due and payable, from being barred." See also, *Baker* v. *Bean, supra.*

In *Sampson* v. *Sampson, supra*, the liability of the heir for the debts, covenants and contracts of the ancestor is referred to as "only contingent and eventual, depending upon the absolute inability of the creditor, or claimant, on account of the nature of his claim, to obtain satisfaction through legal process while the estate was under administration, or while the power to compel administration remained."

"In the case of executors and administrators, the limitations imposed by statutes are more stringently enforced than those of the general statute of limitations, both at law and in equity; and it has been held that the omission to embody in the former statutes the exceptions contained in the latter, indicates a purpose to make the bar of suits against executors and administrators

absolute." *Bank* v. *Fairbanks*, 49 N. H. 140; *Atwood* v. *Bank*, 2 R. I. 191.

Without deciding the controverted question, whether the defendant has funds in his hands as devisee of John True, or not, we think the claims of the plaintiffs in these actions were against the estate of John True in the hands of his executor, and, having been barred by the statute of limitations as against the executor, cannot now be enforced in this manner against the devisee.

In each action the entry will be,

*Judgment for the defendant.*

PETERS, C. J., WALTON, VIRGIN and LIBBEY, JJ., concurred.