THE STATE OF IOWA, Appellee, v. STEEN J. HENDERSON, Appellant.

1. **Adultery**: TESTIMONY OF ACCOMPLICE: CORROBORATION. The provisions of section 4560 of the Code, that the defendant in the cases therein specified cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense, are not applicable to prosecutions for adultery. If the person with whom the adultery was committed, however, assented to the act, he would be an accomplice, and, under section 4559 of the Code, a conviction could not follow upon the testimony of the latter, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense. Whether one is an accomplice or not is a question for the jury.

2. ———: INSTRUCTIONS TO JURY. The defendant was indicted for the crime of adultery, alleged to have been committed on a date named with his daughter, and the court instructed the jury that they must find that the defendant had sexual intercourse with the daughter on or prior to said date, and within eighteen months prior to the finding of the indictment, but in another paragraph of its charge the jury were told that evidence of improper conduct on the part of the defendant towards the daughter prior to that alleged in the indictment was not to be considered as tending to prove any acts of adultery by the defendant, but for the purpose of showing his intentions and disposition towards the daughter, and as explanatory and corroborative of the particular offense alleged. *Held* that, construing the two paragraphs together, the jury were clearly limited, in their inquiry as to the guilt of the defendant, to the one act alleged to have occurred upon the date named in the indictment.

*Appeal from Winneshiek District Court.*—HON. W. A. HOYT, Judge.

FRIDAY, DECEMBER 18, 1891.

THE defendant was indicted on the complaint of his wife, Anna Henderson, for the crime of adultery with one Stena A. Henderson, an unmarried female, not his wife. Trial was had, and a verdict of guilty returned. The defendant's motion for new trial being overruled, judgment of imprisonment was entered upon the verdict, from which judgment the defendant appeals. *Affirmed.*

*L. Bullis*, for appellant.

*John Y. Stone*, Attorney General, *J. B. Kay* and *M. J. Carter*, for the State.

GIVEN, J.—I. The following will be a sufficient statement of the testimony for a correct understanding of the questions presented: Stena A. Henderson, aged nineteen, daughter of the defendant, was called on behalf of the state, and testified in substance as follows: That, early in the morning of January 6, 1890, she heard her father call her mother to get up and build the fire. That while her mother was building a fire in the room below in a stove, from which the pipe ran through her room, the defendant came to her room, got into her bed and shamefully assaulted her, and had sexual intercourse with her. That she spoke loud enough for her mother to hear, and told him two or more times to go away. She also testified that "he assaulted me previously in like manner," December 28, and October 14, 1889, and that there were bad feelings between her and the defendant. Mrs. Anna Henderson, wife of the defendant, testified as follows: "I knew of the defendant being at or near the bed of my daughter in January, 1890. It was the first Monday in

January he goes to her room. He called me up to build the fire, and then. he goes to her room. I heard him step into her room. I kept building the fire, and I listened, and I heard her say to him, 'Get away,' and I stepped up the stairway, and just as I got up he turned from the bed, and came towards me. I asked him what it was, when he came towards me, and he asked, 'What is it? What is it?' and he came down stairs, and lit his pipe, and took his tobacco, and went up stairs to dress, and I went after him, and he asked what I came for, and I told him I wanted my clothes, and then he went down stairs. When I first went up stairs he was right at my daughter's bed. He then had on only his shirt. He was standing by my daughter's bed. I saw him attempt to insult her." Lewis Henderson, aged eighteen, testified that in September, 1889, he heard Stena tell their father of his indecent conduct, and that he told her to shut up or he would kill her. Hattie and Olvilla, younger sisters of Stena, gave testimony tending to corroborate that of Stena.

II. The appellant's first complaint is of the giving and refusing certain instructions. The court gave the following:

"6. The fact of the witness, Stena A. Henderson, being a daughter of defendant, or the fact, if it be a fact, that she was unwilling to have sexual intercourse with defendant, does not affect the question of his guilt of the crime charged against him. As before stated, if you find beyond a reasonable doubt the fact of defendant having wilfully had sexual intercourse with Stena A. Henderson in the county aforesaid, at the time hereinbefore stated, then her relationship to him, and her unwillingness to such intercourse, are entirely immaterial, except upon the question of corroboration of her testimony as hereinafter more particularly stated. Even though you should find resistance to the alleged acts of sexual intercourse by said Stena A. Henderson, such

resistance would not affect the question of defendant's guilt."

"8. No conviction can be had in a criminal case upon the testimony of an accomplice, unless the same be corroborated by other testimony, which has a tendency to connect the defendant with the commission of the alleged offense; and such corroboration is not sufficient if it merely shows the commission of the alleged offense, or the circumstances. An accomplice is one who voluntarily participates in the commission of a crime; and the uncorroborated evidence of one who so participates is not sufficient to convict a defendant of an alleged crime. This is an imperative rule of the law, and must be obeyed, regardless of the opinion of the jury as to the truthfulness of the evidence given by the accomplice. If you believe from the evidence in this case, and from the circumstances disclosed by such evidence, that said Stena A. Henderson was an accomplice as herein defined, then no conviction of defendant can be had upon either testimony unless it has been corroborated as hereinbefore stated by evidence tending to connect him with the alleged crime. Upon this point you are instructed that you have the right to consider as corroborating evidence in this case testimony by parties other than said Stena A. Henderson, if you find that there is any such testimony, which shows indecent or improper familiarities on the part of said defendant with said Stena A. Henderson, provided you believe that such conduct shows an adulterous disposition or desire on his part towards said Stena A. Henderson. But in considering this evidence, if any, and all the evidence in this case, you should remember that every presumption of law is in favor of the innocence of defendant, and if any alleged conduct of defendant is consistent with his claim of innocence, or if you have any reasonable doubt of the consistency of any such alleged acts with the defendant's guilt, you should give the defendant the benefit of such doubt,

and give to such alleged acts an innocent construction."

The appellant asked the following, which was refused:

" 7. You are further instructed that a conviction of defendant herein of the charge alleged in the indictment, upon which defendant is being tried before you, cannot be had upon the testimony of Stena A. Henderson, unless he be corroborated by· such other evidence as shall tend to connect defendant with the commission of the offense, and the corroboration will not be sufficient if it merely shows the commission of the offense or circumstances thereof."

The complaint is against the court's giving the eighth and refusing this last instruction.

The appellant contends that the corroboration required under section 4560 of the Code is applicable

1. ADULTERY: testimony of accomplice: corroboration.

to prosecutions for adultery. The language of that section expressly limits it to prosecutions for rape, enticing away an unmarried female of previous chaste character for purposes of prostitution, or aiding or assisting therein, and to prosecutions for seduction. It is the testimony of the person injured that must be corroborated. In cases of adultery it is the husband or wife of the guilty party that is the person injured. Section 4560 has no application to prosecutions for adultery. The instruction given is in harmony with section 4559, which provides that a conviction cannot be had upon the testimony of an accomplice unless he be corroborated · as specified in the section. The sixth paragraph, wherein the court instructed that "the fact, if it be a fact, that she was unwilling to have sexual intercourse with defendant does not affect the question of his guilt," is not complained of, and undoubtedly states the law correctly. When both parties consent to the adulterous intercourse, they are alike guilty; but if it be without the consent of one, surely that one cannot

be said to be guilty. The appellant cites Anderson's definition of "accomplice,"—"one who is in some way concerned in the commission of a crime; one who in any manner participates in the criminality of the act; one who unites in the commission of the crime." Surely a female upon whom a rape is committed is not concerned in the commission of the crime, does not participate in the criminality of the act, nor unite in its commission. She is not an accomplice. She is the victim, and not the perpetrator, of the crime. The same is true of the female with whom adulterous intercourse is had against her will, whether it be a rape or not. In cases of adultery the female may or may not be an accomplice. If by consenting to the act she too is guilty of adultery, she is an accomplice; but if the act is against her will, she is free from guilt, and, therefore, not an accomplice. We think the instruction given is correct, and that asked was properly refused.

III. By the fourth paragraph of the charge the court directed the jury that they must find that the defendant had sexual intercourse with Stena A. Henderson on or prior to the sixth day of January, 1890, and within eighteen months prior to the finding of the indictment. The appellant contends that the inquiry should have been limited to the transaction of January 6, 1890. In the fifth paragraph the court instructed the jury that evidence of improper conduct on the part of the defendant towards Stena A. prior to that alleged in the indictment was not to be considered as tending to prove any acts of adultery by the defendant, but for the purpose of showing his intentions and disposition towards Stena A., and as explanatory and corroborative of the particular offense alleged. Taking these two paragraphs together, they clearly limit the jury in their inquiry as to the guilt to the one act alleged to have occurred on January 6th, but did not limit them to find that it was committed upon that particular day.

2. ——: instruction to jury.

As to time, they were instructed to convict if they found that act to have been committed on or at any time before that date within eighteen months prior to the finding of the indictment. Without now determining whether it was correct to limit the inquiry as to guilt to the one act and to the time on or before the day alleged, we are clearly of the opinion that such limitation was favorable to the defendant, and accorded all that he now claims, namely, that the inquiry as to guilt should be restricted to the one act alleged to have been committed January 6, 1890.

IV. The appellant contends that the verdict is contrary to the evidence, for that the evidence shows that there was no time for the defendant to have committed the adultery on the occasion testified to. This was a question for the jury, and was properly submitted to them. Notwithstanding this testimony is open to some of the criticisms made upon it, we cannot say that the jury were not warranted in finding as they did. If the testimony of Stena A. Henderson was true, then the defendant was guilty. She stands corroborated by her mother, and to some extent her brother and two sisters. We think the evidence fully sustains the verdict.

As we find no errors prejudicial to the defendant, the judgment of the district court is therefore AFFIRMED.