State v. Jackson. *65 N. J. L.*

---

### THE STATE OF NEW JERSEY.v. NELSON JACKSON.

Argued February 20, 1900—Decided June 11, 1900.

1. Error cannot be predicated upon the overruling of a demurrer to a count in the indictment where a *nolle prosequi* is subsequently entered to such count.

2. Upon the trial of an indictment for adultery, evidence is admissible to show other acts of adultery committed between the same parties prior to that charged in the indictment.

On error to the Morris Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the state, *Alfred E. Mills,* prosecutor of the pleas.

For the defendant, *Willard W. Cutler.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The indictment, as found by the grand jury of the county of Morris, at October Term, 1899, contained two counts.

The first count charged the defendant with having committed adultery with Ella Angleman, on January 1st, 1898, and on divers other days and times between that date and the finding of the indictment.

The second count charged the defendant with adultery with Ella Angleman, on the 1st day of May, 1899, in the township of Hanover, in said county.

The defendant demurred to the first count of the indictment.   The court overruled the demurrer, and thereupon the prosecutor, with the permission of the court, struck out the said first count and proceeded to try the defendant upon the second count, and he was thereupon convicted.

Error is assigned upon the action of the court in permitting the first count to be stricken out.

"Error cannot be predicated upon the overruling of a demurrer to a count in the information where a *nolle prosequi* is subsequently entered to such count." *Bartley* v. *State,* 73 *N. W. Rep.* 744; *State* v. *Marvin,* 35 *N. H.* 22.

If the rule were otherwise at common law, the defendant suffered no injury, and is not entitled to a reversal for this reason. *Crimes act,* § 136 (*Pamph. L.* 1898, *p.* 915).

The alleged error mainly relied upon for reversal is that the trial court admitted evidence to show other acts of adultery committed by the defendant with said Ella Angleman prior to that charged in the indictment.

In *Commonwealth* v. *Thrasher,* 11 *Gray* 450, the Supreme Court of Massachusetts held that it was competent to show prior acts of improper familiarity in corroboration of the case of the commonwealth, as they tended to show the disposition of the parties to commit the crime charged, but that it was not admissible to prove prior acts of adultery between the same parties.

Mr. Bishop, in his work on *Statutory Crimes* (*ed.* 1883), §§ 679, 680, says: "It is well settled law that where the attempt is to prove adultery at a particular time and place, familiarities between the same parties tending thereto, or adultery itself at a prior time and in another or the same place, may be shown in aid of the conclusion."

And he thus comments, in section 680, on the case of *Commonwealth* v. *Thrasher, supra:* "But strangely enough the Massachusetts court further held, on an indictment for adultery, that if the anterior familiarities extend so far, or are of such character as to show adultery actually committed on this previous occasion, the evidence of them, that is, of the previous adultery, is not admissible; according to which doctrine, if the evidence is a little weak, yet tending remotely to establish the crime, it may be submitted to the jury; but if it is a little stronger, and tends more clearly to the same result, it must be excluded."

In *Thayer* v. *Thayer,* 101 *Mass.* 111, which was a libel for divorce on the ground of adultery, alleged to have been committed October 2d, 1866, the Supreme Court of that state receded from its previous adjudications, and permitted evidence to be introduced of previous acts of adultery.

And this departure was adhered to in the subsequent case of *Commonwealth* v. *Nichols,* 114 *Mass.* 285, where Mr. Justice Gray held that upon the trial of an indictment for adultery, evidence of other acts of adultery committed by the same parties, near the time charged, though in another county, is admissible to support the indictment.

The later cases almost uniformly declare such evidence to be admissible, and that it is an exception to the general rule that when a defendant is on trial for one crime, the jury shall not

be prejudiced by having another proved against him. *McLeod* v. *State,* 35 *Ala.* 395 ; *People* v. *Jenness,* 5 *Mich.* 305 ; *State* v. *Bridgman,* 49 *Vt.* 202 ; *Stale* v. *Potter,* 52 *Id.* 33 ; *State* v. *Williams,* 76 *Me.* 48 ; *Crane* v. *People,* 168 *Ill.* 395 ; *State* v. *Briggs,* 27 *N. W. Rep.* 358 ; 2 *Whart. Cr. L.,* § 2663.

The trial court did not err in admitting evidence to prove acts of adultery other than that charged in the indictment. There is nothing in the case of *State* v. *Snover,* 34 *Vroom* 382, or in the cases there cited in the opinion of the court, which is in conflict with this conclusion.

The judgment below should be affirmed.