## SYKES *v.* STATE.

'(*Nashville.*   December Term, 1903.)'

1. **CRIMINAL LAW.** General rule as to evidence of other offenses.

   The general rule is that evidence of offenses other than that for which the defendant is on trial cannot be introduced. (*Post, p. 576.*)

   Case cited and approved:   Kinchelow v. State, 5 Hum., 10.

2. **SAME.** Same. Well-established exceptions to the rule.

   But where it becomes necessary to inquire into the relations between the defendant and another person, or evidence of other acts between the defendant and another party will reflect any light upon the particular crime for which the defendant is indicted, or where it is necessary to prove guilty knowledge on the part of the defendant or his intent, evidence of other acts or offenses committed by him both prior and subsequent to the act charged in the indictment is competent in corroboration or explanation of the act in question, or for the purpose of showing the relation, mutual disposition of the parties or guilty knowledge on the part of the defendant. (*Post, pp. 576-581.*)

   Cases cited and approved:   Peek v. State, 2 Hum. 78; Williams v. State, 8 Hum., 585; Britt v. State, 9 Hum., 31; Defrese v. State, 3 Heisk., 53; Cole v. State, 6 Baxt., 239; Dobson v. State, 5 Lea, 273, Mynatt v. State, 8 Lea, 47; Murphy v. State, 9 Lea, 377; Links v. State, 13 Lea, 710, 711; Foute v. State, 15 Lea, 719; Rafferty v. State, 91 Tenn., 655, 664, 665.

   Case cited, approved and distinguished:   Holt v. State, 107 Tenn., 539.

Sykes v. State.

3. **SAME.** Same. Evidence of other similar acts competent in prosecution for violation of the age of consent law. Case in judgment.

Plaintiff in error was indicted for violating the age of consent law, in that he had carnal knowledge of a young girl over the age of twelve and under the age of eighteen years. There were several acts of intercourse proven extending over a period of three years. The State elected to ask for a conviction upon one of the intermediate acts. Error assigned to the admission of the prior and subsequent acts, and to the charge of the court in instructing the jury that such testimony was competent only for the purpose of shedding light upon the inquiry as to whether intercourse was had at the time upon which the State elected to try.

*Held*: Under the limitations properly stated in the charge, the evidence was competent.

## FROM SMITH.

Appeal in error from the Circuit Court of Smith County.—CORDELL HULL, Judge.

Statement by MR. JUSTICE NEIL:

The plaintiff in error was indicted in the circuit court of Smith county for violating the age of consent law, in that he had carnal knowledge of one Ethel Willis a young girl over the age of 12 and under the age of 18 years. The testimony introduced in the trial court tended to show that Ethel Willis was about 15 years old

when the first act of intercourse took place, and was between 17 and 18 when the last act occurred, and that there were several intermediate acts. The State selected one of these intermediate acts upon which to ask a conviction.

The plaintiff in error was convicted, and sentenced to three years' confinement in the State penitentiary. From this judgment he appealed, and has assigned errors.

The chief error assigned is that in the court below, over the objection of the plaintiff in error, the attorney for the State was permitted to introduce testimony tending to show other acts of intercourse between the plaintiff in error and Ethel Willis, besides the one upon which the State had elected to ask a conviction; such other acts occurring both prior and subsequent to the selected act. The plaintiff in error objected on the ground that each act of intercourse was a separate and distinct offense. The State replied that the testimony objected to was offered only for the purpose of shedding light upon the alleged act for which conviction would be sought. The court overruled the objection, but instructed the jury at the time that the testimony was competent only for the purpose of shedding light on the question whether the plaintiff in error had carnal knowledge of Ethel Willis on the occasion relied on.

Subsequently, in his charge, he gave the following instruction upon the same subject:

"In determining the question as to whether sexual in-

Sykes v. State.

tercourse was had between said parties as charged, it is competent to look to the proof, if any, as to the conduct, demeanor, and relations of the parties, the length of time they were together, the surrounding circumstances, their opportunities to indulge in intercourse, and also to proof as to other acts of sexual intercourse between the parties prior and subsequent to the alleged act relied upon by the State for conviction, if shown.   However, no conviction can be based upon any other act of sexual intercourse between the parties, if proven, save the alleged one designated by the State, and proof as to other acts can only be looked to to shed light upon the inquiry as to whether intercourse was had upon the occasion in controversy."

The act of intercourse for which the State asked a conviction was alleged to have occurred at night, in a room in which there was no artificial light, but which was occupied at the time by a third person who was lying on a bed and was supposed to be asleep, and who testified to certain words addressed by the defendant to the girl, also to certain movements he saw in the dim light furnished by a window near the place where the two, it is to be inferred, were lying on the floor, and to the subsequent stealthy withdrawal by the defendant from the room.

HALE & HALE, for Sykes.

ATTORNEY-GENERAL CATES, and FISHER & FISHER, for the State.

MR. JUSTICE NEIL, after making the foregoing state-
ment of facts, delivered the opinion of the Court:

There was no error in the action of the circuit judge.

The general rule is that evidence of offenses other than
that for which the defendant is on trial cannot be intro-
duced. *Kinchelow* v. *State,* 5 Hum., 10. But there are
well-established exceptions. *Peek* v. *State,* 2 Hum., 78;
*Williams* v. *State,* 8 Hum., 585; *Britt* v. *State,* 9 Hum.
31; *Defrese* v. *State,* 3 Heisk., 53, 8 Am. Rep., 1; *Cole* v.
*State,* 6 Baxt., 239; *Dobson* v. *State,* 5 Lea, 273; *Mynatt*
v. *State,* 8 Lea, 47; *Murphy* v. *State,* 9 Lea, 377; *Links*
v. *State,* 13 Lea, 710, 711; *Foute* v. *State,* 15 Lea, 719;
*Rafferty* v. *State,* 91 Tenn., 655, 664, 665, 16 S. W., 728.
The principle is that no evidence is competent which is
not of a character to throw light on the issue, and it is
usually true that proof of other crimes committed will
not reflect any light upon the special crime with which
the defendant stands charged. But in a case like the one
before us other acts of intercourse do illustrate and tend
to prove the commission of the particular act of inter-
course which the State has elected to try the prisoner
on, because they show the relations—the state of inti-
macy—existing between the prisoner and the girl and
tend to make very probable the commission of the crime
charged.

In the class of cases we are dealing with, and in cog-
nate cases, there is a conflict of authority as to whether
evidence may be introduced tending to show subsequent
acts, but the great weight of authority is in favor of the

Sykes v. State.

admissibility of prior acts. *Bass* v. *State,* 103 Ga., 227, 29 S. E., 966; *Taylor* v. *State,* 110 Ga., 150, 35 S. E., 161; *Com.* v. *Lahey,* 14 Gray, 91; *State* v. *Snover,* 64 N. J. Law, 65, 44 Atl., 850; *State* v. *Jackson,* 65 N. J. Law, 62, 46 Atl., 767; *State* v. *Kemp,* 87 N. C., 538; *State* v. *Pippin,* 88 N. C., 646; *State* v. *Guest,* 100 N. C., 410, 6 S. E., 253; *State* v. *Dukes,* 119 N. C., 782, 25 S. E., 786; *Com.* v. *Bell,* 166 Pa., 405, 31 Atl., 123; *State* v. *Potter,* 52 Vt., 33; *Crane* v. *People,* 65 Ill. App., 492; *State* v. *Briggs,* 68 Iowa, 416, 27 N. W., 358; *State* v. *Henderson* 84 Iowa, 161, 50 N. W., 758; *State* v. *Clawson,* 32 Mo. App., 93; *Lawson* v. *State,* 20 Ala., 65, 56 Am. Dec., 182 *McLeod* v. *State,* 35 Ala., 395; *Cross* v. *State,* 78 Ala., 430; *Brevaldo* v. *State,* 21 Fla., 789; *United States* v. *Griego* (N. M.), 72 Pac., 20; *People* v. *Patterson,* 102 Cal., 239, 36 Pac., 436; *People* v. *Jenness,* 5 Mich., 305; *People* v. *Skutt,* 96 Mich., 449, 56 N. W., 11; *People* v. *Schilling,* 110 Mich., 412, 68 N. W., 233; *State* v. *Markins,* 95 Ind., 464, 48 Am. Rep., 733; *Lefforge* v. *State,* 129 Ind., 551, 29 N. E., 834; *State* v. *De Hart,* 109 La., 580, 33 South., 605—cases covering prosecutions for various forms of illicit commerce between the sexes— fornication, adultery and incest.

Upon the trial of an indictment for rape in the second degree—a crime in substance the same as the violation of the age of consent law in this State—it was held in New York that evidence of prior acts of intercourse between the defendant and the female in ques-

tion was admissible, as tending to establish the commission of the special act under examination, and to corroborate the evidence of witnesses testifying thereto. *People* v. *Grauer*, 12 App. Div., 464, 42 N. Y. Supp., 721. To same effect see *State* v. *Peres*, 27 Mont., 358, 71 Pac., 162; *Reg.* v. *Chambers*, 3 Cox, C. C., 92.

In a prosecution for an assualt with intent to commit rape, it has been held in this State that evidence of prior assaults for the same purpose was admissible, as tending to show the intent with which the assault in question was made. *Williams* v. *State*, supra. See, also, *People* v. *O'Sullivan*, 104 N. Y., 481, 10 N. E., 880, 58 Am. Rep., 530; *State* v. *Scott*, 172 Mo., 536, 72 S. W., 897; *People* v. *Abbott*, 97 Mich., 484, 56 N. W., 862, 37 Am. St. Rep., 360; *State* v. *Walters*, 45 Iowa 389.

In prosecutions for lewdness, it has been held in this State that it is competent to prove both prior and subsequent acts. *Mynatt* v. *State*, supra; *Cole* v. *State*, supra. In the following cases, arising in other jurisdictions, it has likewise been held that, in prosecutions for sexual crimes, it is competent to introduce evidence of subsequent acts in corroboration or explanation of the act in question, or for the purpose of showing the relation and mutual disposition of the parties viz.: *Lawson* v. *State*, supra; *Alsabrooks* v. *State*, 52 Ala., 24; *Crane* v. *People*, 65 Ill. App., 492, affirmed in 168 Ill., 395, 48 N. E., 54; *State* v. *Withom*, 72 Me., 531; *State* v. *Williams*, 76 Me., 480; *State* v. *Way*, 5 Neb., 283; *State* v. *Robertson*, 121 N. C., 551, 28 S. E., 59.

The following observations upon the general subject occuring in *Thayer* v. *Thayer,* 101 Mass., 111, 100 Am. Dec., 110, are deemed useful in the present inquiry, although that was an action for divorce.   In disapproving of *Com.* v. *Horton,* 2 Gray, 354, and particularly of *Com.* v. *Thrasher,* 11 Gray, 450 (both prosecutions for adultery), in which latter case it had been held that prior acts of improper familiarity, which themselves amounted to adultery between the same persons, were inadmissible either in corroboration of witnesses for the commonwealth, or to show the disposition of the parties to commit the crime, the court said:''But by the application of the rule laid down in these cases, evidence tending to establish an independent crime is to be rejected, although all acts which are only acts of improper familiarity are to be admitted in proof. There is no sound distinction to be thus drawn.   There is no difference between acts of familiarity and actual adultery committed, when offered for the purpose indicated; except in the additional weight and significance of the latter fact.   The adulterous disposition of the defendant and the *particeps criminis* cannot be shown by stronger evidence than the criminal act itself. There is no one act by which the moral status of the parties is more clearly defined, and, for the purposes and with the limitations here stated, evidence of it is always admissible." And the court also said:    "The fact that the conduct relied on has occurred since the filing of the libel does not exclude it, and proof of the continuance of the same questionable

relations during the intervening time, as in the case at
bar, will add to its weight." This case was followed
and approved in *Com.* v. *Nichols,* 114 Mass., 285, 19
Am. Rep., 346, wherein it was held that, on the trial, of
an indictment for adultery, evidence of other acts of
adultery committed by the same parties near the time
charged, though in another county, was admissible to
support the indictment.

In State v. Bridgman, 49 Vt., 202, 24 Am. Rep., 124,
in which evidence of both prior and subsequent acts of
intercourse was offered, the court, after holding that evi-
dence of prior acts was admissible, continued: "It is
further urged that, if this evidence of prior acts is ad-
missible,there is a distinction between it and that of sub-
sequent acts, and that the latter is not admissible. But
this relation of intimacy, as before suggested, does not
usually take place suddenly, and the fact of its exis-
tence at any time to that extent that intercourse was
actually had  would be some evidence that the relation
had been existing previously and, offered with evidence
of other acts so as to show the relation to be continuous
through a period covering the time in question, would be
quite material and convincing.   The important question
is whether the facts would be legitimately material, and,
if they were, then whether prior or subsequent would
be of no importance."

There are many authorities that adopt the contrary
view as to subsequent acts, but we deem the foregoing
the better view.  Such evidence cannot fail to be useful

Sykes v. State.

in fastening the charge of guilt upon guilty persons, and cannot unduly harm any defendant, when the trial judge exercises proper care in explaining to the jury its purpose and effect, and so limiting it. He should be studiously careful to give such instruction.

The case of *Holt* v. *State*, 107 Tenn., 539, 64 S. W., 473, cited by counsel, is not an authority contrary to the principle announced, either as to evidence of prior or subsequent acts. The substance of that decision is that while, on a presentment for carrying a pistol, the State may prove several instances of such infraction of the law within twelve months of the finding of the presentment, yet it must finally elect upon which one it will claim a conviction, and the other must then be withdrawn from the consideration of the jury. The discussion contained in the opinion shows that the court did not have in mind the principle above referred to, and did not intend to impeach it. Moreover, the case is found to be in entire harmony with the principle when it is considered that there is nothing in evidence that the defendant carried a pistol on a given occasion tending to show that he carried a pistol on another and different occasion.

There being no error in the matter complained of in the above-mentioned assignment, and all of the other assignments having been considered and overruled in a memorandum filed with the record, and no other error being discoverable by the court, it results that the judgment must be affirmed.