STATE OF NORTH DAKOTA, Respondent, v. VERN AUSTIN, Appellant.

(168 N. W. 790.)

Adultery — crime of — trial — particeps criminis — chastity — evidence of — reputation for — committing of offense — opportunity for — specific act of adultery — with other man than defendant — not permissible.

On the trial of a man for the crime of adultery, evidence of the reputation for chastity of the *particeps criminis* is admissible in connection with evidence of facts showing opportunity for committing the offense, but evidence of a specific act of adultery committed with another than the defendant is not admissible.

Opinion filed August 1, 1918.

Prosecution for adultery.

Appeal from the District Court of Mountrail County, Honorable *Frank Fisk,* Judge.

Judgment for plaintiff.   Defendant appeals.

Reversed.

Statement of facts by BRUCE, Ch. J.

The defendant, Vern Austin, was convicted of the crime of adultery alleged to have been committed with one Julia Veum.

NOTE.—On evidence of other crimes in prosecution for adultery, see note in 62 L.R.A. 335.

Error is assigned on the admission of evidence of a similar act committed by the said Julia Veum with another man, and, according to the state's attorney, "simply to show the adulterous disposition of the woman."

It is also claimed that error was committed, and the first error accentuated by the giving of the following instruction:

"You may take into consideration in determining the guilt or innocence of the defendant, evidence tending to show an adulterous or amorous disposition on the part of the accused and also on the part of Julia Veum (corespondent), *and any adulterous or amorous disposition* or evidence tending to show an inclination on the part of the parties *to commit adultery.* You may take into consideration *any evidence tending to show such a disposition, either before or at the time when the crime is alleged to have been committed,* and you may take into consideration any evidence tending to show *that the act was committed at any other times and places,* although it may show distinct and separate crimes, because such evidence would tend to show an adulterous disposition or inclination on the part of the parties."

It is claimed by appellant that this instruction would have a tendency to lead the jury to believe that they would be free to consider on the question of the guilt of the defendant an act of adultery of the corespondent with a third person, especially *as no evidence of a prior act between the defendant and the said corespondent had been produced,* but between the corespondent and a third person merely.

It is also claimed that such error was emphasized by counsel for the prosecution stating to the jury in his closing argument and in regard to this prior act of the corespondent, "that the person accompanying Julia Veum into rooms 9 and 11 on that day, according to the testimony of witness Marks, and testified to by Marks, was defendant, Vern Austin, and that the jury could convict the defendant of the crime of adultery for that incident alone," when the witness Marks had refused to identify the said defendant as the man involved, but rather that "he appeared to be a larger man;" and the defendant himself positively denied the incident, and the evidence was, according to the statement of counsel in open court, and after a motion to strike had been made, was only offered "to show the adulterous disposition

40 N. D.—19.

of the woman," and only admitted by the court on that theory and for that purpose.

It is also claimed that the prior error was emphasized and new error committed by the court refusing to instruct the jury at the request of the defendant to the effect that "defendant cannot be convicted upon the incident testified to by witness Marks,—his testimony was received solely and only on the likelihood of Julia Veum having had sexual intercourse with defendant,—if you should find that the woman Marks testified to having seen was Julia Veum."

*McGee & Goss,* for appellant.

Upon a trial for adultery, evidence of the acts of the woman with a third person in the absence of defendant is wholly incompetent and inadmissible. Cargill v. Com. 12 Ky. L. Rep. 149, 13 S. W. 916.

"On a trial for assault with intent to commit rape, evidence of an attempt of defendant to commit a similar crime on another person an hour before the assault charged is inadmissible." McAllister v. State, 112 Wis. 496, 88 N. W. 212.

"While there is some contrariety of opinion, it may be said to be a fairly well-established rule founded on sound reason, that on a trial for adultery or fornication, evidence of previous improper familiarities or specific acts of intercourse is admissible to throw light on the probability of the commission of the offense charged. Evidence of this character, however, is only relevant where there is some evidence of the unlawful intercourse charged which may be rendered more clear by the admission of evidence of the prior conduct of the parties. The exclusion of the evidence of previous intercourse and of familiarity with other men can of course do no harm to the accused; theoretically it is damaging and not beneficial to his case." Richy v. State (Ind.) 139 Am. St. Rep. 373; 1 R. C. L. 646, § 25; Bass v. State, 103 Ga. 227, 29 S. E. 966; 62 L.R.A. 335.

"Proof of an adulterous inclination in the minds of the parties and an opportunity to justify it justifies an inference of sexual intercourse. In any event, when such inclination is shown to exist between the parties at the time of the alleged act, then mere opportunity with comparatively slight circumstances showing guilty will be sufficient to justify the inference that criminal intercourse has actually taken place. Ac-

cordingly it is competent to prove the mutual adulterous inclinations of the persons charged with having committed the offense, and any evidence is admissible which tends to show that they had an opportunity to satisfy that inclination. But the inclination must extend to conduct reasonably suggesting a libidinous tendency of each of the parties toward the other." 1 Cyc. 969; 2 C. J. p. 22; Till v. State, 132 Wis. 242, 111 N. W. 1109; Baker v. United States, 1 Pinney (Wis.) 641; Thompson v. State, 111 N. W. 319; People v. Koller (Cal.) 76 Pac. 500; State v. Butte, 78 N. W. 687.

Mere proof of an opportunity to commit adultery is insufficient to convict a person of that crime, unless there be proof also of an adulterous mind on the part of both parties; and to prove this state of mind circumstantial evidence is admissible to show a purpose or inclination to commit the act. State v. Scott (Or.) 32 Pac. 1; Bishop, Statutory Crimes, § 679.

But hearing hearsay evidence of conduct of the *particeps criminis* with third persons is nowhere permitted to bind a defendant where it is not shown that he was in some way responsible or connected therewith. 1 Enc. Ev. 629.

To instruct the jury that such evidence would tend to show such a disposition is clearly erroneous. This amounts to a direction and concludes the case against the defendant. The trial court has no right to fix any arbitrary rule for the measure or weighing of testimony by the jury. State v. Denny, 17 N. D. 519.

After gross and improper language and directions by the state's attorney in his address to the jury, cautionary instructions by the court do not cure the error. Crisp v. Bank, 32 N. D. 264, 155 N. W. 78; State v. Nyhus, 19 N. D. 326; Fawcett v. Ryder, 23 N. D. 20, 135 N. W. 800.

Either party may request full instruction on any and all pertinent issues, and it is the duty of the court to so fully instruct, and not to give abridged or indifferent instructions in lieu thereof. Comp. Laws 1913, §§ 7620, 7621; Rev. Codes 1905, §§ 7021, 7621; State v. Barry, 11 N. D. 428, 443.

*William Langer,* Attorney General, *Wm. Owens,* Assistant Attorney General, and *F. F. Wyckoff,* State's Attorney, for respondent.

In adultery cases, where there is evidence of an adulterous or amorous

disposition on the part of the accused, and also on the part of the woman, it is proper to charge that the jury may consider any such evidence or any adulterous or amorous disposition, or evidence tending to show an inclination on the part of both parties to commit adultery. Such disposition may be shown either before or at the time of the commission of the act charged, and the jury may consider all such evidence. State v. Ellgeston, 45 Or. 346, 77 Pac. 738, 742.

The reputation and character of the woman along such line may also be shown. It is very material to show that the woman was inclined to be adulterous, and such fact, coupled with proof of opportunity, would tend to show defendant's guilt. Com. v. Gray, 129 Mass. 474, 37 Am. Rep. 378.

In such a case the defendant may be convicted upon wholly circumstantial evidence, and therefore evidence of the reputation and character of the woman for chastity is competent. 2 C. J. p. 25, ¶ 8; 1 R. C. L. p. 645.

It is true a defendant in a criminal case is presumed to be innocent until proved guilty by competent evidence, beyond a reasonable doubt. But when the verdict is returned and filed, the presumption of innocence has fulfilled its mission, and the presumption of the correctness of the trial takes its place. State v. Wright, 20 N. D. 216, 220; State v. Peltier, 21 N. D. 188, 191.

BRUCE, Ch. J. (after stating the facts as above). Error was committed and a new trial should be had.

We are satisfied that the rule of law is that, on the trial of a man for adultery, evidence of the reputation for chastity of the *particeps criminis* is admissible in connection with evidence of facts showing opportunity for committing the offense, but evidence of a specific *act of adultery with another than the defendant* is not admissible. State v. Walters, 45 Iowa, 389; People v. Molineux, 62 L.R.A. 193, and note 335, 168 N. Y. 264, 61 N. E. 286; McAllister v. State, 112 Wis. 496, 88 N. W. 212; Whart. Crim. Ev. 9th ed. § 46.

There are, it is true, few adjudicated cases upon the subject. It, however, seems to be generally conceded that the adulterous inclination must be mutual. Bass v. State, 103 Ga. 227, 29 S. E. 966; 1 Cyc. 969, 2 C. J. 22.

Thus in the case of Till v. State, 132 Wis. 242, 111 N. W. 1109, the court says: "The crime of adultery, perhaps more frequently than any other, must ordinarily be proved by circumstantial evidence, and the rule is thoroughly established that proof of adulterous inclination *between the parties* existing prior to the alleged offense, combined with proof that the parties have been together 'in equivocal circumstances, such as would lead the guarded discretion of a reasonable and just man under the circumstances to the conclusion of guilt beyond a reasonable doubt,' are sufficient to justify an inference that adultery did take place between them at the time of such opportunity. . . . This rule is commonly abbreviated into the statement that proof of inclination and opportunity suffice; but that rule is correct only when it is understood that inclination means more than ordinary human tendencies, and must extend to proof of conduct reasonably suggesting specific libidinous tendency *of each of the parties toward the other.*"

In this view of the law the evidence of the witness Marks should have been stricken out, the remarks of counsel for the state were improper, and the instruction which was given by the court was at least confusing. The instruction also that asked by counsel for the defendant should, under the circumstances of the case, have been given; for although the record shows that it was "denied as coming too late—arguments having been concluded July 24, 1917, and this request having been presented July 25, 1917, 9 A. M., just as the jury was about to be instructed,"—the record shows that the arguments of counsel were not closed "until just before the time for adjournment on the 24th," and the instruction was clearly made necessary by the improper remarks of counsel for the state, which emphasized the error in the admission of the testimony; and though counsel for the defendant did not object to the statement during the argument, we are clearly of the opinion that he was not required to do so, but might seek to cure the wrong by asking for an appropriate instruction. Taft v. Fiske, 140 Mass. 250, 54 Am. Rep. 459, 5 N. E. 621.

Even if the request for the instruction came too late, the court, in view of his error in allowing the objectionable testimony to remain in the record and of the remarks of the counsel for the prosecution, should

not have given the misleading instruction that he gave and which is first complained of. State v. Barry, 11 N. D. 428, 92 N. W. 809.

The order of the District Court is reversed and a new trial is ordered.

GRACE, J. I concur in the result.