BAKER VS. THE UNITED STATES.

1p     641
114     ¹168

1. CRIMINAL LAW — ADULTERY — EVIDENCE. Definite, positive proof of the offense of adultery is not required to convict the defendant, but the guilt of the accused may be inferred from facts and circumstances sufficient to satisfy a rational and just man, beyond a reasonable doubt.

2. SAME. Where upon the trial of an indictment for adultery, which contained but one count, the prosecution proved that the accused and the female with whom he was charged with having committed the offense, on a certain occasion slept in the same bed. Held, that it was competent for the prosecution to give evidence of other acts of the parties, tending to show an adulterous intercourse between them down to the time of finding the indictment.

ERROR to the District Court for *Rock* County.
The case is stated in the opinion of the court.
*Edward V. Whiton*, for plaintiff in error.
*A. Hyatt Smith*, Attorney-General, for United States.

MILLER, J. In the district court for the county of Rock, the plaintiff in error was indicted and convicted of adultery.

The bill of exceptions presents the following facts: There was but one count in the indictment, charging but one act of carnal knowledge, on the 19th day of March, 1846. After proving that the defendant and one Lucinda Hollenbolt slept in the same bed together, in the month of September, 1844, the district attorney asked the witness whether he had seen the said defendant and the said Lucinda sleeping together during the winter following. To this question the defendant, by his counsel, objected, which objection was overruled, and the question was allowed by the court to be put and answered. And the court permitted the prosecution to give evidence of acts tending to prove the charge laid in the indictment, which took place from September, 1844, down to within

VOL. I. — 41

two weeks of the 'time of finding the indictment. The indictment was found and tried in June, 1846.

In almost every case of adultery, the fact is inferred from circumstances that lead to it by fair inferences as a necessary conclusion. Positive proof of the fact is not required, and from the nature of the offense, not easily made. Circumstances that lead a rational and just man to a conclusion of guilt beyond a reasonable doubt, are sufficient to authorize a conviction. "A married man going into a known brothel raises a suspicion of adultery, to be rebutted only by the very best evidence. His going there, and remaining alone for some time in a room with a common prostitute, is sufficient proof of the crime. The circumstance of a woman going to such a place with a man furnishes proof of adultery." 2 Greenl. on Ev., § 44, p. 34. The same author, in section 41, page 32, states that the rule has been elsewhere more briefly stated, to require that there be such *proximate circumstances* proven, as by former decisions, or in their own nature and tendency, satisfy the legal judgment of the court that the criminal act has been committed ; and, therefore, it has been held that *general cohabitation* excluded the necessity of proof of particular facts. Ordinarily, it is not necessary to prove the act to have been committed at any particular or certain time or place. It will be sufficient if the circumstances are such as to lead the court, proceeding with every necessary caution, to this conclusion, which it has often drawn between persons living in the same house, though not seen in the same bed, or in any equivocal situation. "The adulterous disposition of the parties being once established, the crime may be inferred from their afterward being discovered together in a bedchamber, under circumstances authorizing such inference." The proof made in this case was not positive proof of the fact, but only of such facts as from which the guilt may be inferred. Being in bed together but once raises a presumption of guilt, but the guilt might possibly be disproved by a proper ex-

planation of the circumstances ; but being in bed together at various and different times cannot be satisfactorily explained consistently with innocence, and tends to satisfy the mind of the guilt of the accused beyond a reasonable doubt. From the nature of the charge, and the evidence reasonably to be expected to sustain it, latitude in the investigation must be allowed. The judgment of the district court must be affirmed.