## COLE v. STATE.

1. CRIMINAL LAW. *Evidence to impeach a witness.* In order to impeach a witness by proving that he made statements out of court contrary to what he has testified to in court, the time, place and person to whom the declarations were made must be stated, and also the words or their substance. When all of this is put to the witness and he answers that he does not recollect, evidence then may be given to prove that the witness did say what is imputed to him.

Case cited: Nelson v. State, 2 Swan, 237.

2. SAME. *Same. Evidence of lewdness. To what time limited.* To sustain a prosecution for lewdness and adultery, acts of improper or indecent familiarity between the parties, both before and after the finding of the presentment, may be proven, to be considered by the jury in connection with the evidence of facts, within twelve months before presentment, from all of which the jury must be satisfied that the offense has been committed within twelve months before the finding of the presentment, or they must acquit, although the evidence may be of such a character as to satisfy them that the offense has been committed since presentment or more than twelve months before.

### FROM CAMPBELL.

Appeal from the Circuit Court.    DAVID K. YOUNG, Judge.

Cole v. State.

Attorney-General HEISKELL for State.

No briefs for defendant.

DEADERICK, J., delivered the opinion of the Court.

Plaintiffs in error were convicted of lewdness and adultery at the May term, 1873, of the Circuit Court of Campbell county, and a new trial being refused, they have appealed in error to this court.

They, by their counsel, assign as error the refusal of the Circuit Judge to allow them, by way of contradicting a witness on behalf of the State, to prove by a witness introduced for that purpose, what Miller, State's witness, had said in a trial before White, a justice of the peace, in which defendant Cole was prosecuted for an assault and battery. Witness Miller on cross examination stated that he was examined as a witness in the case of the State against John P. Cole, before Esquire White, and that Cole asked him if he had ever seen or knew of any harm or anything wrong between him and his co-defendant Ault, but that he did not recollect what answer he made.

Miller had sworn in his examination in chief to facts establishing illicit intercourse between defendants.

Defendants then introduced Alfred Elkins, by whom he proposed to prove that witness Miller was, on the said trial of Cole before justice White, asked whether he ever saw or knew of any harm or wrong between defendant Cole and defendant Ault, and what his answer was, and also what his other testimony then was,

but on objection the testimony was excluded. Upon the cross-examination of Miller he was not asked if he had used any language which, in substance, amounted to a statement or declaration, which it was intended to prove by witness that he did make.

Where it is intended to impeach the witness by proving that he made statements out of court contrary to what he has testified in court, the witness should be asked whether he said or declared that which it is proposed to prove by the impeaching witness, that he did say or declare, and the time and place and person to whom the declaration was made should also be stated in the question: 1 Gr. Ev., sec. 462 and note 1; Starkie on Ev., marg. p. 239–40 and notes; 2 Swan, 259.

The object of the question is to contradict him, and it is but fair to the witness to refresh his recollection as to the declaration or words used and proposed to be proved, and also by stating time, place and other circumstances calculated to refresh his memory.

If the time, place and person to whom the declaration was made is stated, and also the words or their substance, or the declaration is stated in the question, and the witness answers that he does not recollect, evidence may be given on the other side to prove that the witness did say what is imputed to him, otherwise you never could contradict a witness who said he could not remember: Shar. Tr. on Ev., m. p. 241, and note K.

It is also insisted that the Circuit Judge erred in

16—VOL. 6.

not excluding the testimony as to what took place after the finding of the presentment.

The evidence objected to is the testimony of one Davis, that he, his wife, and his wife's aunt, and the defendant Ault, after the presentment in this case was made, all staid all night at defendant Cole's, and that he saw nothing wrong between defendants.

The Circuit Judge charged the jury that they might look to the acts and conduct of the parties, both before and after the finding of the presentment, but that no conviction could be had for acts and con- duct of defendants occurring after the finding of the presentment, or for acts and conduct occurring more than twelve months before presentment was made; and that the jury must be satisfied beyond a reasonable doubt that the defendants were guilty of the offense charged within twelve months before the finding of the presentment, before they would be authorized to convict them. Although the evidence must satisfy the minds of the jury that the offense charged has been committed within twelve months from the finding of the indictment, proof of the acts and conduct of the parties, anterior to the limited time for conviction, may be shown in explanation of other acts of the like na- ture within that period: 2 Green. on Ev., sec. 47.[1] And we see no reason why subsequent acts of inde- cent familiarity or of a suspicious character should not be given in evidence for the like purpose of explain- ing the relations subsisting between the parties, and in explanation of other acts of like nature within twelve months before the presentment was made.

Cole *v.* State.

It is reasonable inference that parties charged with such an offense, if innocent, would not so conduct themselves toward each other, after a prosecution was instituted, as to virtually admit their criminality, or afford strong grounds for the conclusion that they were guilty.

This case is of a character usually established by circumstantial evidence, and the acts and conduct of the parties toward each other is always admissible and generally constitutes the chief evidence of their guilt.

We are of opinion, therefore, that acts of improper or indecent familiarity between the parties, both before and after the finding of the presentment, may be given in evidence on the trial, to be considered of by the jury in connection with the evidence of facts within the twelve months before presentment, from all of which the jury must be satisfied that the offense has been committed within twelve months before the finding of the presentment, or they must acquit, although the evidence may be of such a character as to satisfy them that the offense has been committted since presentment made, or more than twelve months before.

We are of opinion that the charge of the Circuit Judge was correct and that the verdict was well sustained by the proof, and affirm the judgment.