PEOPLE v. SCHILLING.

1. BASTARDY—EVIDENCE.

In a prosecution for bastardy, evidence of acts of intercourse other than that charged in the complaint is admissible as bearing upon the probability of the particular act having occurred as charged

2. SAME—INSTRUCTIONS.

But an instruction to the jury in such case, so framed as to justify the inference that the respondent may be convicted upon proof of some other act of intercourse than that charged, is erroneous.

*Certiorari* to Kalamazoo; Buck, J.   Submitted June 19, 1896.   Decided July 28, 1896.

Willis E. Schilling was convicted of bastardy.   Reversed.

*A. M. Stearns* and *Howard & Roos*, for petitioner.

*Frank E. Knappen*, for the people.

MOORE, J.   This case was brought here by writ of *certiorari*.   The respondent was convicted of the offense of bastardy, the complaint being made by Libbie I. Coburn, who charges that the respondent "did beget her with child, in the township of Pavilion, in the county of Kalamazoo, on or about the 1st day of November, 1893, at the house of Daniel Schilling, father of the said Willis E. Schilling, whereupon," etc.   Upon the trial of the cause, against the objection of the respondent, complainant was allowed to testify not only to the act of intercourse stated in the complaint, but to four or five other acts of intercourse at other places and times than the one charged in the complaint.   The complainant was the only witness on the part of the people.   The respondent was sworn in his

own behalf, and denied any act of intercourse at any time with Miss Coburn.

The trial court was requested to charge that the respondent could only be convicted of being the father of the child in question from intercourse with the complainant at the time charged in the complaint. This he declined to do, and charged the jury:

"I further instruct you in requests handed me in behalf of the respondent: The court instructs the jury that they have no right to consider any question of possibility as to whether Willis Schilling may be the father of the child in question from intercourse with complainant at any time other than that charged in this case. They will determine the question solely on the evidence of whether he is the father from intercourse with complainant at the time, particular times, charged."

The court also charged them:

"You are to believe as jurors just what you would believe as men. You are not to believe as jurors what you do not believe as men. And if, as the result and effect of all the testimony upon your minds, you believe that the respondent is the father of the child, your verdict should be for the people. If, on the other hand, you do not believe from the evidence that the respondent is the father of the child, you should find for the respondent."

Exceptions were taken to the admission of the testimony and to the charge of the court. A great many exceptions were also taken on the examination of the witnesses, which, in view of the disposition we shall make of the case, we do not think it necessary to discuss. It will be necessary only to refer to those in relation to the admission of the testimony of the several acts of intercourse and to the charge of the court.

In the recent case of *People* v. *Keefer*, 103 Mich. 83, it was held that, in a prosecution for bastardy, evidence of previous acts of intercourse between the parties is competent. It is our understanding that this proof is permissible as bearing upon the question of the probability of the intercourse having occurred as stated in the complaint, and that it may be considered for that purpose, and that it

is not allowed for the purpose of showing a substantive act at some other time or place from that stated in the complaint, for which act the respondent could be convicted. The admission of this testimony was not error.

We think, however, the charge of the court, inasmuch as it would allow the conviction of the respondent for some other act of intercourse than the one charged in the complaint, was error. *Hull* v. *People*, 41 Mich. 167.

The judgment is reversed, and a new trial ordered. See *Cross* v. *People*, 10 Mich. 24; *People* v. *White*, 53 Mich. 537.

The other Justices concurred.