MATTHEWS *v.* DETROIT JOURNAL CO.

LIBEL AND SLANDER—CRIMINAL INTIMACY—SUBSEQUENT MISCONDUCT—EVIDENCE.

In an action for libel in charging that plaintiff and A., on a certain day, were found in a haymow in a compromising position, where the evidence tended to show that, on the day named, the parties were discovered in the barn under circumstances calculated to arouse suspicion, and that there had been previous acts of intimacy, evidence that three months later plaintiff and A. were seen together at another place, embracing and kissing each other, was admissible.

Error to Wayne; Lillibridge, J. Submitted February 2, 1900. Decided April 3, 1900.

Case by Sarah J. Matthews against the Detroit Journal Company for libel. From a judgment for plaintiff, defendant brings error. Reversed.

*James A. Randall* (*John W. McGrath*, of counsel), for appellant.

*Malcolm C. Yerkes* (*James H. Pound*, of counsel), for appellee.

MONTGOMERY, C. J.* This is an action for libel. The plaintiff recovered, and defendant brings error. The defendant published an article as follows:

"A SCANDAL AT WAYNE.
"Harold Ainsworth Arrested for Being too Intimate with Mrs. Harry Matthews.
"Wayne, Mich., July 21st. (Special.) Harry Matthews, a barber in this village, went to the barn early this morning to feed his horse. When he ascended to the haymow, he found Mrs. Matthews and Harold Ainsworth, a good-looking Frenchman, in a compromising position. Matthews at once swore out a warrant against Ainsworth, charging adultery, and he was arrested. He was given

an examination before Justice Deming at 10 o'clock, and bound over for trial in the circuit court in $1,000 bail. Ainsworth was unable to furnish securities, and he was taken to the county jail on the noon train. There has been much talk in the village for some months about the relations of Ainsworth and Mrs. Matthews."

The court's charge left it to the jury as to whether the article should be construed as charging the plaintiff with adultery or intention to commit adultery. This was sufficiently favorable to defendant.

The court also charged that, if the defendant had shown the substantial truth of the matter charged, it was entitled to a verdict, and that a trifling variation of details would not be material. No complaint is made of this instruction.

The evidence adduced by the defendant tended to show that, on the evening of the day named, the plaintiff and Ainsworth were discovered in the barn together under circumstances well calculated to arouse suspicion. There was also testimony tending to show previous acts of intimacy. The arrest of the parties followed. On the 6th of October following, the defendant Ainsworth was tried and acquitted.

The defendant offered to show that, about the 25th of October, plaintiff and Ainsworth were seen together on the Fort-Street Bridge in Detroit, embracing and kissing each other. This testimony was excluded; the court remarking, "Improper conduct in October don't prove improper relations in July." This offer presents the most important question in the case. The question of whether subsequent acts of familiarity and intimacy can be shown in corroboration of testimony tending to show adulterous intercourse has never been distinctly decided in this court. In *People* v. *Hendrickson*, 53 Mich. 526 (19 N. W. 169), it was said, "Such acts, within a reasonable time of the act complained of, and also occurring very soon thereafter, so long as they may be regarded as continuous, are competent and admissible." But, as counsel for the plaintiff

123 MICH.—39.

point out, this language, so far as it relates to acts subsequent to the main act charged, was not necessary to a decision of the case, and is therefore entitled to only such weight as the ability and learning of the justice who gave utterance to it entitle it to.   But we find that the courts of other States have frequently had occasion to consider this question, and in numerous well-considered cases the admissibility of such testimony has been affirmed, on grounds which appear impregnable.   In *Thayer* v. *Thayer*, 101 Mass. 111 (100 Am. Dec. 110), it is said:

. "The intent and disposition of the parties towards each other must give character to their relations, and can only be ascertained, as all moral qualities are, from the acts and declarations of the parties.   It is true that the fact to be proved is the existence of a criminal disposition at the time of the act charged; but the indications by which it is proved may extend, and ordinarily do extend, over a period of time both anterior and subsequent to it.   The rules which govern human conduct, and which are known to common observation and experience, are to be applied in these cases, as in all other investigations of fact.   An adulterous disposition existing in two persons towards each other is commonly of gradual development.   It must have some duration, and does not suddenly subside. When once shown to exist, a strong inference arises that it has had, and will have, continuance, the duration and extent of which may be usually measured by the power which it exercises over the conduct of the parties.   It is this character of permanency which justifies the inference of its existence, at any particular point of time, from facts illustrating the preceding or subsequent relations of the parties.   The rule is that a condition once proved is presumed to have been produced by causes operating in the usual way, and to have continuance, till the contrary be shown.   The limit, practically, to the evidence under consideration, is that it must be sufficiently significant in character, and sufficiently near in point of time, to have a tendency 'to lead the guarded discretion of a reasonable and just man' to a belief in the existence of this important element in the fact to be proved.   If too remote or insignificant, it will be rejected, in the discretion of the judge who tries the case.   The fact that the conduct relied on has occurred since the filing of the libel does not

exclude it, and proof of the continuance of the same questionable relations during the intervening time, as in the case at bar, will add to its weight."

This case was approved and followed in *State* v. *Bridgman*, 49 Vt. 202 (24 Am. Rep. 124), and also in *State* v. *Way*, 5 Neb. 283.   The same rule is established in Alabama, Maine, Tennessee, and apparently in Illinois.   See *Alsabrooks* v. *State*, 52 Ala. 24; *State* v. *Williams*, 76 Me. 480; *Cole* v. *State*, 65 Tenn. 243; *Claypool* v. *Claypool*, 65 Ill. App. 446.   See, also, *Baker* v. *U. S.*, 1 Pin. 641; *People* v. *Hubbard*, 92 Mich. 322 (52 N. W. 729). The testimony offered should have been received.

The other assignments of error need not be considered, as the record on a new trial is not likely to present the same questions.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.