PEOPLE v. JAMIESON.

1. BASTARDY—EVIDENCE.

In bastardy proceedings, acts of intercourse and undue familiarity both before and after the alleged act resulting in conception are admissible, as bearing upon the probability of the intercourse at the time stated in the complaint.

2. SAME—OBJECTIONS—APPEAL.

In bastardy proceedings, an objection to the admissibility of evidence of an act of intercourse subsequent to the one charged in the complaint is not sufficient, standing alone, to entitle respondent to urge on appeal that his conviction was erroneous because based on proof of the later act.

3. SAME—COMPLAINT—AMENDMENTS.

Upon the trial of a prosecution for bastardy, the circuit judge may allow the complaint to be amended to conform to the proofs with respect to the date on which the act resulting in conception is alleged to have been committed.

4. SAME—ORDER OF MAINTENANCE—INDEFINITENESS.

An order of maintenance in bastardy proceedings, requiring the father to pay a specified sum per month towards the support of the child "until the further order of the court," is erroneous, as not placing any limit on the liability.

5. APPEAL—TYPEWRITTEN RECORD—PROLIXITY.

An order permitting an appeal to be heard on typewritten record does not relieve counsel of the duty of submitting a record which is no longer than is necessary to present the questions in controversy.

6. SAME—CITATION OF CASES—OFFICIAL REPORT.

Counsel, in referring in their briefs to decisions of this court, are expected, whenever possible, to make citations to the Michigan Reports, rather than to unofficial publications.

*Certiorari* to Ottawa; Padgham, J.   Submitted May 1, 1900.   Decided May 15, 1900.

William Jamieson was convicted of bastardy.   Conviction affirmed and record remanded.

*Walter I. Lillie,* for appellant.

*P. H. McBride,* Prosecuting Attorney, for the people.

GRANT, J.  Respondent was convicted of bastardy.
Complaint was made March 9, 1899, in which the com-
plaining witness alleged that she was begotten with child
by the respondent on or about the 2d day of September,
1898.  Respondent waived examination, and was bound
over to the circuit court for trial.  The case rested until
the child was delivered, July 13, 1899.

1.  Upon the trial respondent's counsel objected to the in-
troduction of testimony showing acts of sexual intercourse
about the 1st of October following.  Respondent absolutely
denied any sexual intercourse with the complainant.  Acts
of intercourse and undue familiarity both before and after
the alleged act resulting in conception are admissible, as
bearing upon the probability of the intercourse at the time
stated in the complaint.  *People* v. *Schilling,* 110 Mich.
412 (68 N. W. 233), and authorities cited; *Mathews* v.
*Detroit Journal Co.,* 123 Mich. 608 (82 N. W. 243).  It
was not error, therefore, to admit this testimony.  Inas-
much as the sole objection raised and argued by counsel
for the respondent is upon its admissibility, it follows that
no error was committed.  Counsel made no request of the
court to instruct the jury that the respondent could not
be convicted if the child were conceived in October;
neither has he made any complaint in his brief of the in-
struction of the court.  Therefore the question decided in
*Hull* v. *People,* 41 Mich. 167 (2 N. W. 175), and in
*People* v. *Schilling,* 110 Mich. 412 (68 N. W. 233), is
not before us.  If the attention of the court had been
challenged to this point, probably an amendment would
have been allowed.  *People* v. *Cole,* 113 Mich. 83 (71
N. W. 455).

2.  The order of the court is that respondent pay a cer-
tain amount per month until the further order of the
court.  This order is void, under *People* v. *Wing,* 115

Mich. 698 (74 N. W. 179). The case, therefore, will be remanded for correction in accordance with this opinion.

3. Application was made to this court to dispense with the printing of the record, and to hear it upon the type-written record, on account of the poverty of the respondent. As a result of this order, the entire proceedings upon the trial, covering over 100 pages, are submitted to this court for an examination. Even if it were to be submitted upon the unprinted record, that record need not have been to exceed 10 pages in length, to raise all the questions presented. This practice is unjustifiable, and involves unnecessary labor for us.

4. Respondent's counsel cites decisions of this court from the Detroit Legal News, which have been published in our Reports, but does not cite them. In our decisions we refer to the Michigan Reports, and insist that counsel cite them in their briefs.

The other Justices concurred.