# APRIL TERM, 1903.*

---

PEOPLE *v.* DUPOUNCE.

1. TRIAL—CROSS-EXAMINATION.
   A witness may be asked, on cross-examination, any question material to the issue, irrespective of the extent of the direct examination.

2. BASTARDY—EVIDENCE.
   In a prosecution for bastardy, evidence of acts of intercourse other than that set up in the complaint is admissible as bearing upon the probable commission of the act alleged.

3. CRIMINAL LAW — RESPONDENT AS WITNESS — INCRIMINATING TESTIMONY—WAIVER OF PRIVILEGE.
   A respondent in a criminal case, who takes the stand in his own behalf, waives his constitutional privilege to the extent that he may be required to answer any questions material to the issue, though the answers to such questions tend to prove him guilty of some other crime than that for which he is on trial.

*Certiorari* to Bay; Shepard, J. Submitted February 6, 1903. (Docket No. 199.) Decided April 21, 1903.

Joseph Dupounce was convicted of bastardy. Affirmed.

*Loranger & Flynn*, for appellant.

*Edward E. Anneke*, Prosecuting Attorney, and *Lewis P. Coumans*, Assistant Prosecuting Attorney, for the people.

CARPENTER, J. .Defendant was convicted in the court below of the offense of bastardy. . The complaint alleged, and the evidence for the people tended to prove, that the bastard child was born February 9, 1901, and that it was

---

* Continued from Vol. 132.

begotten on or about May 15, 1900. The complaining witness testified that she became 16 years of age March 17, 1901. Defendant became a witness in his own behalf, and on direct examination testified that he did not have intercourse with the complaining witness in the months of April or May, 1900. On cross-examination, despite defendant's objection that, contrary to section 32 of article 6 of the Constitution of Michigan, he was thereby compelled to be a witness against himself, he was made to answer questions which proved that he had sexual intercourse with the complaining witness in December, 1899, and that this continued until April 1, 1900; and that, though their relation was, on account of his illness, interrupted in April and May, it was resumed after June 1st. The sole question raised in this court relates to the ruling compelling defendant to give this testimony. ·

While it is clear that the cross-examination in this case compelled defendant to testify to the commission of the crime of rape, as the complaining witness was less than 16 years of age (see section 11489, 3 Comp. Laws), and though he could not be convicted of the offense charged in the complaint by reason of the intercourse occurring before April 1 or after June 1, 1900 (see *Hull* v. *People,* 41 Mich. 167 [2 N. W. 175]), nevertheless testimony establishing these other acts of intercourse had a legitimate tendency to prove defendant guilty of the offense for which he was being tried, and therefore to contradict his testimony on direct examination. See *People* v. *Schilling,* 110 Mich. 412 (68 N. W. 233); *People* v. *Keefer,* 103 Mich. 83 (61 N. W. 338); *Matthews* v. *Detroit Journal Co.,* 123 Mich. 608 (82 N. W. 243); *People* v. *Jamieson,* 124 Mich. 164 (82 N. W. 835). If defendant, by availing himself of the privilege of testifying in his own behalf, given him by our statute (see section 10211, 3 Comp. Laws), waived his constitutional right to refuse to answer the questions complained of, the ruling of the trial court is correct; otherwise, it is erroneous.

While this court has held (see *People* v. *Howard,* 73

Mich. 10 [40 N. W. 789]) that a defendant who takes the stand as a witness in his own behalf is subject to the same inquiries upon cross-examination as any other witness, neither that nor any other decision of this court can be said to be an authority touching the precise question involved in this case.    The question has, however, received the attention of the courts of many of our sister States. Contrary to the views of that eminent author and judge, Mr. Justice COOLEY (see his Constitutional Limitations, at page 317), it seems to have been universally held that the defendant, by taking the stand in his own behalf, thereby waives, to a certain extent at least, his constitutional right to refuse to testify.    While the supreme court of Maine has held that the statute of that State, which reads, "The defendant in a criminal prosecution who testifies in his own behalf shall not be compelled to testify on cross-examination to facts that would convict or furnish evidence to convict him of any other crime than that for which he is on trial," "does not alter the law as it stood in this State before the enactment" (see *State* v. *Witham*, 72 Me., at page 534), the overwhelming weight of authority supports the proposition, contended for by the people, that he thereby waives his constitutional right to refuse to answer any question, material to the case, which would, in the case of any other witness, be legitimate cross-examination.    *Com.* v. *Nichols*, 114 Mass. 285 (19 Am. Rep. 346); *Com.* v. *Bonner*, 97 Mass. 587; *Com.* v. *Mullen*, 97 Mass. 545; *Com.* v. *Morgan*, 107 Mass. 199; *Foster* v. *Pierce*, 11 Cush. 437 (59 Am. Dec. 152); *Com.* v. *Smith*, 163 Mass. 431 (40 N. E. 189); *Connors* v. *People*, 50 N. Y. 240; *People* v. *Tice*, 131 N. Y. 651 (30 N. E. 494, 15 L. R. A. 669); *State* v. *Ober*, 52 N. H. 459 (13 Am. Rep. 88); *Town of Norfolk* v. *Gaylord*, 28 Conn. 309; *State* v. *Allen*, 107 N. C. 805 (11 S. E. 1016); *State* v. *Kent*, 5 N. Dak., at page 541 (67 N. W. 1058, 35 L. R. A. 527); *Disque* v. *State*, 49 N. J. Law, 249 (8 Atl. 281); *State* v. *Cohn*, 9 Nev. 189.    And this principle applies, even though the answers to such questions tend to prove

him guilty of some other crime than that for which he is on trial. *Com.* v. *Nichols, State* v. *Kent,* and *Connors* v. *People, supra.* As, in this State, a witness may be asked, on cross-examination, any question material to the issue (*People* v. *Barker,* 60 Mich., at page 302 [27 N. W. 539, 1 Am. St. Rep. 501]; *Ireland* v. *Railroad Co.,* 79 Mich., at page 164 [44 N. W. 426]; *Hemminger* v. *Assurance Co.,* 95 Mich., at page 359 [54 N. W. 949]), we are forced to the conclusion that there was no error in the ruling complained of, and that the conviction should be affirmed.

The other Justices concurred.