## WISE v. STATE. (4 Div. 854.)

(Court of Appeals of Alabama. May 15, 1923.)

**1. Bastards** ⬷**62—Evidence of defendant's prior intercourse with prosecutrix held relevant.**

In a prosecution for bastardy, it is relevant to prove acts of intercourse from the first time defendant had such relation with prosecutrix continuously to the time of her pregnancy.

**2. Bastards** ⬷**60—Statements of defendant held admissible as res gestæ.**

In a prosecution for bastardy, statements made by defendant were admissible as part of the res gestæ.

**3. Witnesses** ⬷**338—Prosecutrix's bad character before the trial may be shown.**

Evidence of the general bad character of the prosecutrix in a bastardy proceeding to the time of the trial may be shown to impeach her credibility as a witness.

**4. Bastards** ⬷**92—Refusal to admit evidence of prosecutrix's bad character preceding trial in bastardy proceeding held reversible error.**

In a prosecution for bastardy, it was reversible error to refuse to admit evidence of the general bad character of the prosecutrix preceding the trial, because the state, on cross-examination, could have brought out the fact that the information on which the opinion of such bad character was based was obtained subsequent to her pregnancy, and that it was based on the fact of pregnancy.

**5. Bastards** ⬷**73—Conduct of juror in talking to prosecutrix, though improper, did not require new trial.**

Though the conduct of a juror during a recess in a trial for bastardy, in talking to the prosecutrix who showed juror the child, was highly improper, it was not misconduct requiring setting aside the verdict.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Bastardy proceeding against Preston Wise. From the judgment, defendant appeals. Reversed and remanded.

W. W. Sanders, of Elba, for appellant.

In a bastardy proceeding, evidence of sexual relations between the prosecutrix and defendant, outside the period of gestation, and of what defendant said prior to the time of pregnancy, is immaterial and inadmissible. Denham v. State, 18 Ala. App. 464, 93 South. 43; Davis v. State, 18 Ala. App. 482, 93 South. 269; Allred v. State, 151 Ala. 125, 44 South. 60; Barnett v. State, 16 Ark. 530. Proof of the bad character of a witness at the time of the trial is admissible. Charley v. State, 204 Ala. 687, 87 South. 177; Smith v. State, 197 Ala. 193, 72 South. 316; Windom v. State, 18 Ala. App. 430, 93 South. 79. It is improper for a juror to permit a party to approach him and discuss the issue of a case on trial. 29 Cyc. 796; Weaver v. State, 17 Ala. App. 506, 86 South. 179; Ala. Fuel Co. v. Rice, 187 Ala. 458, 65 South. 402; Clay v. City Council, 102 Ala. 297, 14 South. 646; K. C. Co. v. Phillips, 98 Ala. 159, 13 South. 65.

Harwell G. Davis, Atty. Gen., and M. S. Carmichael, of Montgomery, for the State.

The authorities cited by appellant under his first proposition are inapt. Relations between the prosecutrix and defendant, outside the period of gestation, may be proven as corroborative of testimony showing the relation during the period. Brantley v. State, 11 Ala. App. 144, 65 South. 678; Smith v. State, 13 Ala. App. 411, 69 South. 406. The trial court correctly limited evidence of prosecutrix's bad character to the time before she fell into disrepute. Robinson v. State, 5 Ala. App. 45, 59 South. 321; Brown v. State, 46 Ala. 175; Gordon v. State, 140 Ala. 29, 36 South. 1009; McGuire v. State, 2 Ala. App. 131, 57 South. 51; White v. State, 111 Ala. 92, 21 South. 330.

FOSTER, J. Maud Farris, a single woman, made complaint on oath to A. M. McCollough, a notary public and ex officio justice of the peace of Coffee county, that she was pregnant with a bastard child, and that Preston Wise, the defendant, was the father of such child. The justice of the peace issued a warrant against the defendant, causing him to be brought before him, examined witnesses, adjudged that there was probable cause to believe that the defendant was guilty of the charge, and required him to enter into bond conditioned to appear at the next term of the circuit court of Coffee county. The defendant appeared in the circuit court, the solicitor read the complaint, and the defendant pleaded not guilty.

---

⬷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The jury found by its verdict that the defendant was the real father of the child. The court adjudged that defendant was the real father of the child and prescribed that he should pay on the 1st day of January, 1923, and on the first day of each succeeding year for a total period of ten years, the sum of $50 to the judge of probate of the county, for the support and education of the child, and that the defendant should pay the costs of the proceedings.

The evidence of the prosecutrix, Maud Farris, and her witnesses amply justified the finding of the jury that the defendant was the real father of the child. The defendant denied having had intercourse with the prosecutrix, and introduced several witnesses who testified to acts of intercourse between prosecutrix and other men during March and April, 1921, the time she became pregnant: the child having been born January 5, 1922.

The first, second, third, and fourth assignments of error present the same question of law.

[1, 2] It was relevant to show acts of intercourse from the first time defendant had such relation with prosecutrix continuously up to the time of her pregnancy. Brantley v. State, 11 Ala. App. 148, 65 South. 678; Smith v. State, 13 Ala. App. 412, 69 South. 406. It was likewise relevant to show what defendant said on these occasions; these declarations were part of the res gestæ. Miller v. State, 110 Ala. 69, 20 South. 392. The court did not err in its rulings on these questions.

[3] Evidence of the general bad character of the prosecutrix to the time of the trial was admissible for the purpose of impeaching her as a witness. Charley v. State, 204 Ala. 687, 87 South. 177; Smith v. State, 197 Ala. 193, 72 South. 316; Windom v. State, 18 Ala. App. 430, 93 South. 79.

[4] The state might have developed on cross-examination that the information upon which the opinion as to such general character was based was obtained subsequent to her pregnancy and was based upon the fact of pregnancy. Windom v. State, supra. The refusal of the trial court to allow the character evidence offered was error. This is the only reversible error in the record.

[5] The defendant made a motion for a new trial. The first ground insisted upon was that there was misconduct of a juror on the trial of the case. Defendant presented in support of his motion affidavits of two witnesses to the effect that, after the trial was begun on October 11th, the court recessed until the next day, the jury was allowed to separate and instructed not to let any one talk to them about the case, nor to communicate with any one about it, that on the morning of October 12th and before court convened the prosecutrix showed the child to one of the jurors, and that the juror looked

at the child while in the arms of its mother, and "playfully or affectionately touched the child," but that witnesses were not near enough to hear anything that was spoken between the juror and prosecutrix, if anything was said. While the juror was guilty of a great impropriety, it cannot be seriously contended that this amounted to such misconduct as would require that the verdict be set aside. Leith v. State, 206 Ala. 439, 90 South. 687.

In entering the judgment in this cause, a clerical error was committed.

Section 6376, Code 1907, directs that the annual payments shall be made on the first Monday in January of each year instead of the 1st day of January. The judgment in this cause directs the payments to be made on the 1st day of January.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.