[Crim. No. 856. Third Appellate District.—July 6, 1925.]

## THE PEOPLE, Respondent, v. LOWELL RUSSELL, Appellant.

[1] CRIMINAL LAW—FAILURE TO PROVIDE FOR MINOR CHILD—PATERNITY—EVIDENCE—APPEAL.—In this prosecution for the crime of failing, without lawful excuse, to furnish necessary support for a minor child, the jury having accepted the version given by the mother of the child and other witnesses supporting the theory of the prosecution that the defendant was the father of the child in question, and such testimony being sufficient to support the verdict, the judgment of conviction must be affirmed on appeal, notwithstanding that the testimony on behalf of defendant was contrary to the prosecution's testimony.

[2] ID.—PROVINCE OF JURY.—In such prosecution, it was the province of the jury to determine whether the testimony introduced by the prosecution should be accepted, or whether the testimony introduced on the part of defendant should be believed and acted upon.

[3] ID.—EVIDENCE—NUMBER OF WITNESSES—APPEAL.—The mere fact that the testimony on behalf of a defendant is directly contrary to the testimony introduced on the part of the prosecution does not furnish any grounds upon which the appellate court can order a reversal, and this is true, irrespective of whether or not the greater number of witnesses testify on one side or the other, unless the testimony introduced is inherently improbable.

(1) 17 C. J., p. 264, n. 89.   (2) 9 C. J,. p. 998, n. 7, 8.   (3) 17 C. J., p. 267, n. 99, p. 269, n. 2.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. J. F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

John R. Connelly for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

1. Illegitimate child as within statute relating to duty to support child, note, 30 A. L. R. 1075. See, also, 20 Cal. Jur. 425; 20 R. C. L. 623.

3. See 8 Cal. Jur. 587; 2 R. C. L. 193.

PLUMMER, J.—Appellant was tried and convicted of the crime of failing, without lawful excuse, to furnish necessary support for his minor child, and sentenced to serve 180 days in the county jail of the county of Sacramento. Defendant's motion for a new trial being denied, he appeals to this court therefrom and from the judgment of conviction above named. [1] The only question assigned for reversal is that the judgment is contrary to the evidence. It appears from the transcript that during the year 1923 the defendant took the prosecuting witness, Mrs. Russell, then an unmarried woman, out for an automobile ride, and during the course of this automobile ride an act of illicit intercourse took place, which resulted in her pregnancy.. During the month of February following the prosecuting witness and the appellant intermarried. The appellant made the defense that he was not the father of the child. The testimony on the part of the prosecution is to the effect that the automobile ride just mentioned took place some time between the first and sixteenth days of July, 1923, that the child was born the tenth day of May, 1924. The testimony is all to the effect that only one act of sexual intercourse took place prior to the marriage. The prosecuting witness testified particularly as to the occurrences, as to the automobile ride, as to the dates and as to the fact of the appellant being the father of the child. The prosecution also introduced the testimony of five additional witnesses, who all testified that the appellant had said to them at different times that the child was his. The testimony also shows that the father visited the mother at the hospital a few days after the child was born, that he participated in naming the child, and did some other acts indicating acknowledgment of parentage. On the part of the prosecution there was further additional testimony to the effect that the automobile ride in question was taken in a roadster. On the part of the defendant and appellant testimony was introduced to the effect that the illicit act took place on the nineteenth or twentieth day of May, 1923; that the roadster referred to in the testimony of the prosecuting witness was in the town of San Mateo from the first to the twenty-third day of July, 1923; that the ride was taken in a Paige roadster on the evening of the nineteenth or twentieth day of May before stated, and that the same Paige roadster was not in the city of Sacramento at any time during the

month of July, 1923. Witnesses, other than the defendant, testified to circumstances and matters indicating that the act of intercourse did not take place during the period of time claimed by the prosecution; that it took place at the earlier date and at such an earlier date that the parentage of the child cannot be attributed to the defendant. If the matters testified to by the witnesses for the defendant were absolutely true, then the conclusion should have been drawn therefrom that the defendant was not the father of the child, for the nonsupport of which he was being prosecuted. On the other hand, if the facts and circumstances testified to by the mother of the child and the wife of the defendant, and other witnesses introduced on behalf of the prosecution, be true, then, and in that case, the reasonable conclusion would be the defendant is the father of the child. Such being the case, the questions presented to us upon this appeal are matters only within the exclusive province of the jury. [2] It was the province of the jury to determine whether the testimony introduced by the prosecution should be accepted, or whether the testimony introduced on the part of the appellant should be believed and acted upon. [3] The mere fact that the testimony on behalf of a defendant is directly contrary to the testimony introduced on the part of the prosecution does not furnish any grounds upon which this court can order a reversal, and this is true, irrespective of whether or not the greater number of witnesses testify on one side or the other, unless the testimony introduced is inherently improbable. The jury having accepted the version given by the mother of the child and of the other witnesses supporting the theory of the prosecution and such testimony, if believed, being sufficient to support the verdict, there remains nothing further for this court to do, except to affirm the order and judgment of the trial court, and it is so ordered.

Thompson, J., *pro tem.*, and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 5, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 31, 1925.