[Crim. No. 113. Fourth Appellate District.—March 3, 1931.]

THE PEOPLE, Respondent, v. JOE BRAZIL, Appellant.

Bradley & Bradley for Appellant.

U. S. Webb, Attorney-General, W. R. Augustine, Deputy Attorney-General, and Walter C. Haight, Assistant District Attorney, for Respondent.

JENNINGS, J.—Appellant was convicted of the crime of failing, without lawful excuse, to furnish necessary support for his minor child and was sentenced to be punished therefor by imprisonment in the county jail for a term of two years and to pay a fine of $1,000. He appeals from the judgment.

During the course of the trial it was admitted by the appellant that he had not, during the time stated in the information, furnished support for the child of whom he was alleged to be the father. The sole question at issue therefore was whether the appellant was the father of the child.

In support of his appeal appellant makes two contentions: First, that the evidence presented during the trial of the action was insufficient to justify the verdict of conviction and, second, that the trial court erred in allowing certain evidence, alleged to be highly prejudicial to the appellant, to be introduced. As to the first of these contentions it is apparent that the evidence which was presented on behalf of the appellant was in some important respects in direct conflict with that which was introduced by the respondent. It was, of course, entirely within the province of the jury to determine whether the testimony introduced by the respondent should be accepted or whether the testimony presented by the appellant should be believed. The jury having chosen to accept respondent's testimony which is sufficient to support the verdict, appellant's contention in this regard may not be maintained (*People* v. *Russell,* 73 Cal. App. 492 [238 Pac. 1051]).

It is, however, strenuously contended by the appellant that the trial court erred in permitting the respondent to introduce evidence of acts of sexual intercourse between appellant and the complaining witness prior to the time when conception may have taken place. It is said that the only effect of testimony of this character was to degrade the appellant in the eyes of the jury and that the reception of such testimony was therefore highly prejudicial to the appellant. With this contention we are compelled to disagree. In bastardy proceedings it is quite generally held that acts of intercourse and undue familiarity before the alleged act resulting in conception are admissible as bearing on the probability of the intercourse alleged to have taken place between the parties (7 Cor. Jur. 992; *State* v. *Ham-*

*mond,* 46 Utah, 249 [148 Pac. 420]; *Wise* v. *State,* 19 Ala.
App. 245 [96 South. 724]; *People* v. *Dupounce,* 133 Mich. 1,
103 Am. St. Rep. 435, 2 Ann. Cas. 246, 94 N. W. 388).

In *Estate of Gird,* 157 Cal. 534 [137 Am. St. Rep. 131,
108 Pac. 499], it was held that evidence was admissible
to show that a witness discovered an act of sexual intercourse
between the mother and alleged father of the children,
whether it took place before or after the birth of a daughter,
as tending to show the extent of the intimacy between them
and to corroborate the testimony of the mother as to the
paternity of the children and the nature of the relations
existing between the mother and the alleged father. In its
decision the Supreme Court refers to the case of *People* v.
*Jamieson,* 124 Mich. 164 [82 N. W. 835], a bastardy case,
where it was held that acts of intercourse and undue famil-
iarity, both before and after the alleged act resulting in con-
ception, are admissible as bearing upon the probability of
the intercourse at the time stated in the complaint. The
court also refers to 5 Cyc. 662, wherein it is stated that
evidence of the intimate relations existing between the
mother and alleged father is admissible and that evidence of
previous or subsequent intercourse is competent to show the
probability of the particular act having occurred. In *People*
v. *Koller,* 142 Cal. 621 [76 Pac. 500, 502], it was held that
in a prosecution for the crime of incest, evidence of incestu-
ous acts that occurred both prior and subsequent to the
particular act selected as the basis of prosecution, were
admissible for the purpose of showing a disposition on the
part of the defendant to commit such offenses and as cor-
roborative of the testimony introduced to prove the specific act
charged. In its decision the Supreme Court quotes from
the case of *People* v. *Castro,* 133 Cal. 12 [65 Pac. 13], as
follows: " 'The doctrine appears to be fairly well settled,
that in actions of adultery, seduction, etc., evidence of
sexual intercourse between the parties, both before and after
the particular act charged, may be introduced in evidence,
as tending to sustain the main allegation.' " And thereupon
makes the following pertinent comment: "We think this is
a correct statement of the prevailing rule, and in principle
applies, not only in prosecutions for adultery, but in prosé-
cutions for all cognate offenses involving sexual intercourse
by consent, including incest."

We are of the opinion that no error was committed by the trial court in permitting the reception of the evidence complained of by appellant.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.