(135 So. 649)

# HADDOCK v. STATE.

## 8 Div. 286.

Court of Appeals of Alabama.
June 30, 1931.

C. P. Almon, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The issue in a proceeding in bastardy must be broad enough to comprehend the inquiry whether the complainant is a single woman, and whether she is pregnant with, or delivered of, the child in the county in which the complaint was made, and, in addition thereto, is the defendant the father of such child? Lake v. Governor, 2 Stew. 395; Trawick v. Davis, 4 Ala. 328.

On the question of the paternity of the child, any evidence tending to prove an intimacy between the mother and defendant prior to the pregnancy is relevant and admissible. In this case it was admissible to prove that up to and prior to the preg-

nancy prosecutrix and defendant were frequently together, alone and in the company of others; that he used endearing terms to her; that he courted her; in fact, any fact or circumstance proving or tending to prove an intimate relationship between the parties was relevant to the issue being tried. Miller v. State, 110 Ala. 69, 20 So. 392; Williams v. State, 113 Ala. 58, 21 So. 463; Brantley v. State, 11 Ala. App. 144, 65 So. 678.

■ The intimacy and intercourse between the prosecutrix and defendant from the first sexual relation to the pregnancy is within the res gestæ; what was said and done during that time relating to intercourse between them as well as the acts themselves were all relevant, including the fact testified to by prosecutrix that when they first had intercourse "it hurt." Wise v. State, 19 Ala. App. 245, 96 So. 724.

■ The fact that when defendant began going with prosecutrix "every body else stopped" was relevant as tending to prove the close relationship existing between the parties, and that it was so recognized by their associates.

■ The state having proved by the prosecutrix that defendant left the state in January and went to Detroit, it was relevant for defendant to prove that he only remained in Detroit about a month and voluntarily returned to the state, where he has since remained. But as to whether defendant was physically able to perform the work at which he was employed was immaterial. Nor could defendant say that he did not go away on account of sexual intercourse he had had with prosecutrix. Such statement would be in the nature of a self-serving declaration. It was relevant for the defendant to have testified that he went to Detroit to take work. Flight and all facts connected therewith either to decrease or diminish the probative force of the flight are admissible. Carden v. State, 84 Ala. 417, 4 So. 823; Chamblee v. State, 78 Ala. 466. However, any possible error arising out of the various rulings on this question were rendered harmless by the written charge given at the request of defendant as follows: "I charge you gentlemen of the jury that in a criminal case the state may prove the defendant fled the state of Alabama, and if the jury determine he fled from a consciousness of guilt and from a fear of being apprehended and brought to trial, this is a circumstance of guilt to be considered by the jury, and I charge you that this is not a criminal case and the doctrine of flight does not apply in this case."

We find no error in the record, and the judgment is affirmed.

Affirmed.